UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――x
YAYE FERGUSON
                     Plaintiff
    -against-                                   **COMPLAINT**
                                                **AND JURY DEMAND**

                                                No. 22-CV-4846

THE CITY OF NEW YORK, and POLICE
OFFICERS MARK MITCHELL, MICHAEL
ALFANO, POLICE OFFICER JOHN DOE #1
All of the NEW YORK CITY POLICE
DEPARTMENT

                     Defendant(s),
―――――――――――――――――――――――x

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, and POLICE OFFICER MARK MITCHELL ("MITCHELL"), MICHAEL ALFANO ("ALFANO") POLICE OFFICER JOHN DOE #1 ("JOHN DOE #1"), of the New York City Police Department ("NYPD"), arising out of the false arrest, false imprisonment, assault and battery and use of excessive force against YAYE FERGUSON ("Plaintiff").

2. On or about June 10, 2019, MITCHELL, ALFANO and JOHN DOE #1 all members of the NYPD, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention assault and battery and use of excessive force, for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the plaintiff and

his property was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3. The Plaintiff, through his attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

4. This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Southern District of New York, particularly New York County.

## PARTIES

7. Plaintiff, at all times relevant hereto, resided in the City of Stamford and State of Connecticut, County of Fairfield.

8. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto,

a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

9. The NYPD was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

10. That at all times hereinafter mentioned, and on information and belief, the defendants MITCHELL, ALFANO and JOHN DOE #1 and other members of the NYPD, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the NYPD.

11. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

12. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

13. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

14. On or about June 10, 2019, at approximately 3:45 p.m., plaintiff was standing in front of a CVS pharmacy located at 20 University Place, New York, New York when he was tackled to the ground by MITCHELL, ALFANO and JOHN DOE #1 and handcuffed.

15. As a result of the force used by the defendants, plaintiff suffered a fractured right ankle that required surgery. Plaintiff also sustained bruises to his arms and legs and a scratch to his right hand.

16. The defendants used so much force in handcuffing plaintiff that he thought his right wrist was going to be broken. To this day plaintiff has pain in his right wrist from being handcuffed so tightly.

17. Following his arrest, plaintiff had to wait for over an hour before being taken to the hospital where he received medical treatment.

18. Plaintiff suffered physical pain, including a fractured right ankle that required surgery to be repaired, injury to his right wrist, and emotional distress, including nightmares, because of his arrest and detention.

19. Because of defendants' conduct, plaintiff was imprisoned, detained, restrained and held against his will and was unlawfully deprived of his liberty and property.

20. Plaintiff was charged under docket number CR-019241-19NY with Petit Larceny (PL § 155.25), Resisting Arrest (PL § 205.30) and other related charges.

21. Following his arrest, plaintiff was held in custody for over 24 hours before being released on June 11, 2019, after he was arraigned at New York County Criminal Court.

22. After plaintiff was released from the hospital on June 10, 2019, until the time that he saw the judge for his arraignment on June 11, 2019, plaintiff, although in excruciating pain, was only given an ice pack to deal with his ankle injury.

23. On September 10, 2019, the New York County District Attorney's Office dismissed all of the charges against the plaintiff.

24. The arrest of the plaintiff was committed by the defendants without legal process and without probable cause.

25. Defendants took plaintiff's phone and clothes which to date have not been returned.

26. Defendants acted maliciously and intentionally.

27. As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, loss of liberty and property as well physical injury that required plaintiff to seek medical attention.

## FIRST CLAIM FOR RELIEF
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

28. Paragraphs 1 through 27 are herein incorporated by reference.

5

29. Defendants MITCHELL, ALFANO and JOHN DOE #1 subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

30. Defendants have deprived plaintiff of him civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

31. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(MUNICIPAL LIABILTY)

32. Paragraphs 1 through 31 are incorporated herein by reference.

33. Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

34. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

35. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

36. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

37. Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

38. Defendants subjected plaintiff to false arrest and false imprisonment.

39. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

    A.    In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

    B.    Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

    C.    Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

    D.    Granting such other and further relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
(FOURTH AMENDMENT)

40.    Paragraphs 1 through 39 are incorporated herein by reference.

41.    Defendant MILLER, ALFANO and JOHN DOE # 1 arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

42.    That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

43. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
(FOURTEENTH AMENDMENT)

44. Paragraphs 1 through 43 are incorporated herein by reference.

45. Defendants MILLER, ALFANO and JOHN DOE # 1 illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

46. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects

against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

47. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
### (TAKINGS CLAUSE VIOLATION)

48. Paragraphs 1 through 47 are incorporated herein by reference.

49. Defendants MILLER, ALFANO and JOHN DOE # 1 unlawfully confiscated plaintiff's property, a phone and clothes, without just compensation.

10

50. That as a result of the foregoing, plaintiff has been deprived of his right that private property not be taken for public use without just compensation as secured to him by the Fifth and Fourteenth Amendments.

51. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### Jury Demand

Plaintiff demands a jury trial.

Dated: New York, New York
       June 9, 2022

                                        Fink & Katz, PLLC

                                        /s/ Jonathan A. Fink
                                    By: Jonathan A. Fink
                                        One of Plaintiff's Attorneys

**Attorneys for Plaintiff**

Jonathan A. Fink
Fink & Katz, PLLC

11

299 Broadway, Suite 1803
New York, New York 10007
Telephone: (212) 385-1373

Brian L. Bromberg
Bromberg Law Office, P.C.
352 Rutland Road #1
Brooklyn, New York 11225
Telephone: (212) 248-7906